OLO LEVEAI, FUA'AU OLO, and
SEIGAFOLAVA ROPATI PENE, Plaintiffs

v.

TAULAFOGA TULISUA, his family, wife, children,
agents, representatives, employees, etc., Defendants

High Court of American Samoa
Land & Titles Division

LT No. 19-86

November 6, 1987

Before KRUSE, Associate Justice, TAUANU'U, Chief
Associate Judge, and TUIAFONO, Associate Judge.

Counsel: For Plaintiffs, Togiola T.A. Tulafono
For Defendants, Asaua Fuimaono

This is a land dispute essentially concerning
a building site or "tulaga fale" on lands said by
the parties to be known as "Auauli," located in the
village of Ofu, Manu'a. No surveys were presented
and the parties stipulated that the case before the
Court did not involve a boundary dispute, but
entitlement to the building site. The lands
"Auauli," for descriptive reference, were further

agreed to by the parties as being about one-half to one acre in area.[1]

The case arose as a result of defendant Taulafoga Tulisua's building on a site claimed by the plaintiffs, the Olo family, as being the longstanding site of their family's residence on Auauli.

The testimony was consistent in several respects. What may be described as the mauga/wharf portion of the land has been the house site of defendant and his immediate family for some time now. Towards the middle of the land was the location of the Olo family's habitation, while to the immediate front thereof, towards the sami side of the land, was the habitual location of the Saleapaga guest house. Also located on the land at the sami/wharf portion is the building of Malietufa, a member of the Togiai family.

The parties' versions as to entitlement to the land differed, however.

Plaintiffs claim that the lands Auauli belonged to the Olo family through initial occupation and cultivation. Testimony had it that members of the Olo family cultivated plantations on the land, which also is the burial place of many of the family members. Fua'au Olo explained the presence of the defendant Tulisua on the land as having arisen through the permission of his father, the late Olo Fua'au.

Fua'au Olo, who is now sixty-five years of age, testified that he recalled that during his early youth his father, Olo Fua'au, had permitted a couple named Solipo and Lia to build a faleo'o (a small fale) on the site which is occupied by the defendant Tulisua. This couple had a child named Taupati, who is today seventy-four years old, and who testified and corroborated the testimony of

---

1 One witness, when asked by the Court to approximate the land area using the courthouse parking lot as a reference, described an area which in our view is in excess of an acre. From photographs presented of the location, it appears that the land is within the village proper and is surrounded by concentrated habitation. .

Fua'au Olo. It is said that Solipo and Lia had brought the defendant, his mother and his family onto to the land to live with them. Chief Olo supposedly had assented to this and, when Solipo and Lia departed Ofu around the year 1939, defendant's family continued to live in Solipo and Lia's faleo'o. They remain there to date after having rebuilt several structures on the same site.

With regard to Saleapaga, plaintiffs explained that the present guest house site of Saleapaga originally housed a joint guest house of Olo and Saleapaga. Over the years the Saleapaga people occupied the guest house, but at all times, it is said, with the permission of the Olo family.

With regard to Malietufa's location, plaintiffs concede that that portion of the land belonged to Togiai, the neighboring family.

Defendant's version, as expected, differs. Defendant claims that the land Auauli is the communal family property pertaining to the Manamea title, and that Tulisua and Saleapaga are lesser matai of the Manamea. The land was said to have been donated by Faoa to the original Manamea as a token of gratitude for the latter's assistance to Faoa in some past war with the people of Olosega.

This testimony was corroborated by the present Chief Faoa save for one detail. While defendant maintains the grant to have been outright, Faoa claims to have reserved the "pule" in the land although its exclusive use is with the Manamea title. It is argued that this explains the location of Malietufa, a member of the Togiai, and hence Faoa, family. Togiai is a lesser matai of the Faoa family.

Defendant Tulisua claims that the plaintiff family was in possession of the particular house site for many years with the assent of Manamea. According to defendant, he had taken it upon himself to build on the site previously in the occupation of the Olo family, because in his view the Olo family had abandoned the site since 1963.

We note parenthetically that this abandonment ground does not escape us without some bemusement. The current holder of the title Manamea has not lived on the village of Ofu for some time now and is last known, at least by defendant, to be

88

somewhere within the United States. Both Manamea, defendants' candidate for land ownership, and Olo, plaintiffs' counter-claimant to ownership, have abandoned their "monotaga" responsibilities to the village of Ofu and thus, according to Chief Faoa's testimony, the two are no longer recognized in the Ofu village council.

Tulisua also asserts, as a monument to ownership, the burial site of Manamea and his family located to the sami/Olosega portion of the land. That site is said to contain the graves of the Manamea, Saleapaga and Tulisua members. It is argued by Tulisua, in connection therewith, that the separation of the Olo members' burial site adjacent to their house site indicates that they were treated as strangers to the land. Hence the reason for the non-burial of Olo family members within the ancestral grave site of the Manamea family. Tulisua further claims that Saleapaga had a long house to the Olosega portion of the land, which has not been rebuilt on today owing to the absence of family members remaining on the land.

On the evidence before us we make the following findings.

(1) Neither party has established, by a preponderance of evidence, title to the land "Auauli." The Court notes that this matter did not arise consequent to registration proceedings, whereby the claims of all possible contenders may be adjudicated. The evidence, among other things, also admitted the possibility of ownership in parties not before the Court, that is Faoa and Manamea.

The evidence pointed to inconsistencies with what are usually indices of "pule" and hence ownership. For example, while the Olo family claims to own the land and to have assented to the occupation by Tulisua's family, Fua'au Olo admitted that there was no history of "tautua," or traditional service, rendered by Tulisua to Olo. Secondly, the concept of a guest house shared with a titleholder who is said to be a stranger to the land (as essentially claimed by Olo) does not sit well with the members of this Court as a customary norm, and hence raises doubts regarding Olo's claims to "pule".

89

On the other hand, the evidence tended to suggest that Tulisua's family came upon the land subsequent to the Olo family. At the same time, Tulisua's claims that ownership was vested in the Manamea was contradicted by his own witness Faoa, who claims that Manamea is his donee, but that he, Faoa, reserved "pule" when making the grant.

As far as the Court is currently concerned, there has been insufficient showing by either of the parties to explain how five different title holders, viz: Malietufa, Tulisua, Olo, Manamea and Saleapaga, are sharing the lands Auauli. We therefore leave to another time consideration of a logical and sequential trace of "pule" to explain the occupation of these five title holders.

We make no finding on ownership.

(2) We find that the Olo family had a history of possession of the lands Auauli limited to a house site, or "tulaga fale," which site.has housed in the past a number of replacement structures built by the Olo family.

(3) We find that plaintiff's right to possession was not derivative from defendant Tulisua. Defendant Tulisua has no superior entitlement, in his own right, to take possession of that site which has been occupied in the past by the Olo family.

(4) We find that defendant Tulisua completed building a structure on the Olo site around March of this year, without permission of the Olo family and without demonstrable cause. Such building was commenced shortly after Hurricane Tusi, which ocurred in January 1987, and it was undertaken over the continuing verbal objections of the Olo family to defendant Tulisua.

CONCLUSION

(1) The plaintiff family, Olo, has superior right to possession of the house site in question as against the defendant Tulisua.

(2) Tulisua, by building a second structure on the land Auauli on the site in question, has committed a trespass against the Olo family, and has in fact attempted to unlawfully evict the Olo family from its house site.

90

(3) Tulisua was put on notice by the Olo family of a pending dispute over building on the site in question. Accordingly, his persistence, nonetheless, in undertaking and completing the structure, is inconsistent with "good faith".

(4) As Tulisua is wanting in good faith, he is therefore only entitled to remove his building, fixtures and appurtenances from the Olo house site, without any opportunity or right to demand, in lieu of removal, compensation from plaintiffs for improvements. Fonoti v. Fagaima, 5 A.S.R.2d 158 (1987).

(5) That Tulisua shall remove said building, fixtures and appurtenances within sixty days from the date of entry of judgment herein.

It is so ORDERED.